UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIM B. MOORE, JR., <br>     Plaintiff, <br><br> v. <br><br><br> DEPARTMENT OF JUSTICE, <br> BUREAU OF ALCOHOL, TOBACCO, <br> FIREARMS AND EXPLOSIVES, <br>     Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 12-cv-372(RCL) |

## MEMORANDUM OPINION

Defendant U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") moves to dismiss this case for lack of subject-matter jurisdiction, or in the alternative, for failure to state a claim. ECF No. 6. Upon consideration of the motion, plaintiff Sim B. Moore, Jr.'s Opposition [9], ATF's Reply [11], the entire record herein, and the applicable law, the Court will dismiss this case.

## I.     BACKGROUND

Moore is an African American, former ATF special agent. He was a named plaintiff in a Title VII lawsuit culminating in a settlement agreement and forming the basis for this claim. Moore alleges the ATF violated the settlement agreement by investigating him and terminating his employment without prior approval by the Office of the Assistant Director (Inspections).

The settlement agreement provided:

Any decision to commence an investigation into the conduct of any named plaintiff or any African-American GS-1811 series agent who has filed, within the

>past twelve (12) months, an EEO complaint shall be reviewed and approved by the Assistant Director (Inspections).

Def.'s Mot. to Dismiss, Ex. A (Settlement Agreement, Section IV.C.11), at 31–32.

The settlement agreement provided that the Court's jurisdiction over the agreement and the agreement itself would expire four years from the agreement's effective date. *Id.* at 33. By consent of the parties, the Court's jurisdiction was extended and ultimately lapsed on July 19, 2001. *Stewart v. O'Neill*, 225 F. Supp. 2d 6, 8 (D.D.C. 2002). Thereafter, the Court retained jurisdiction over just three sections of the agreement, Sections IV.C.1 (Data Collection), IV.C.2 (Analysis of Data), and IV.C.5 (Promotions Assessment System). *Id.* at 8–9 (citing provision of settlement agreement which extends jurisdiction over these sections). The provision that Moore claims that ATF violated is not among the provisions over which the Court retains jurisdiction.

ATF now moves to dismiss for lack of subject-matter jurisdiction or failure to state a claim. ATF raises a number of legal arguments upon which to base dismissal. The Court need not address most of these because it finds that it no longer has jurisdiction over the settlement agreement and that, even if it did, the agreement had no legal force when Moore was terminated.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

The Court first considers whether it has subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). The Federal Rules of Civil Procedure allow a party to assert a lack of subject-matter jurisdiction by motion and, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(b)(1) & 12(h)(3). The party asserting the existence of subject-matter jurisdiction bears the burden of proof. *Thomson v. Gaskill*, 315 U.S. 442 (1942); *Walker v. Jones*, 733 F.2d 923, 934 (D.C. Cir. 1984). When determining subject-matter jurisdiction, a court is not limited to

considering the allegations of the complaint but has broad discretion to consider extra-pleading materials.  *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003).

### B. Motion to Dismiss

The Federal Rules of Civil Procedure Rule require "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8 does not require "'detailed factual allegations,' but requires more than 'labels and conclusions'" or "'naked assertion[s].'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations, although assumed to be true, must still "be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The Court need not accept legal conclusions cast as factual allegations.  *Iqbal*, 556 U.S. at 678.

With respect to *pro se* plaintiffs, a complaint is "'to be liberally construed' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

### III. ANALYSIS

#### A. The Tucker Act Does Not Deprive this Court of Jurisdiction

ATF argues that the Court lacks subject-matter jurisdiction because plaintiff's claim is a breach of contract claim for more than $10,000 over which the Court of Federal Claims has exclusive jurisdiction. Def.'s Mem. P. & A. in Support of Def.'s Mot. to Dismiss 12–14 (citing the Tucker Act, 28 U.S.C. § 1491(a)(1)). Although this Court originally retained jurisdiction to enforce the settlement agreement, ATF argues that Title VII settlement agreements are considered contracts subject to the Claims Court's exclusive jurisdiction. *Id.* (citing *Hannson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005)).[1]

The Tucker Act provides that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a)(1). "When the contract claim is for *damages* in excess of $10,000 . . . the jurisdiction of the Court of Federal Claims is exclusive." *Rochon v. Gonzales*, 438 F.3d 1211, 1214 (D.C. Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1346(a)(2)).

However, the assumption that "the Claims Court has exclusive jurisdiction of Tucker Act claims for more than $10,000" only holds true "to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988).

Section 702 of the Administrative Procedure Act allows district courts to review of federal agency actions if the claim seeks "relief other than money damages." 5 U.S.C. § 702. "If . . . § 702 of the APA is construed to authorize a district court to grant monetary relief—other than traditional 'money damages'—as an incident to the complete relief that is appropriate . . . the fact that the purely monetary aspects of the case could have been decided in the Claims Court

---

[1] The Court will assume that Moore seeks backpay over $10,000.

is not a sufficient reason to bar that aspect of the relief available in a district court." *Bowen*, 487 U.S. at 910 n.48.

Here, Moore seeks reinstatement with backpay. The Supreme Court has "long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for the reinstatement of an employee with backpay . . . ." *Id.* at 893. The Court of Claims "'has no power to grant equitable relief." *Id.* at 905. Thus, Moore's claim is actually one for "other than money damages," over which the Claims Court does not have jurisdiction and over which this Court would have jurisdiction if the settlement agreement provides for it.

It is true that the D.C. Circuit has previously held that "'a claim for breach of a Title VII settlement agreement is a contract claim within the meaning of the Tucker Act'" and that "therefore, for claims exceeding $10,000 jurisdiction belongs with the Court of Federal Claims." *Rochon*, 483 F.3d at 1214 (citing *Hansson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005) and *Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (per curiam)). However, in *Hansson*, the plaintiff sought damages and did not request equitable relief. *Id.* In *Brown*, the plaintiff also sought damages. 389 F.3d at 1297.

Thus, because Moore seeks relief "other than money damages," which this Court would theoretically have the power to grant and which the Court of Claims would have no power over, the Tucker Act does not preclude the exercise of jurisdiction by this Court.

  **B.**  **The Court Nevertheless Lacks Jurisdiction Over the Settlement Agreement**

Although the Court rejects ATF's argument that the Tucker Act deprives it of jurisdiction, the Court nevertheless finds that it lacks jurisdiction over claims seeking to enforce

the settlement agreement. As already stated, apart from three provisions not at issue here, the settlement agreement, and the Court's jurisdiction over it, expired in July 2001. The Court no longer has jurisdiction.

Moore argues that a prior opinion by this Court suggests that it nevertheless retains jurisdiction over the agreement. Specifically, in *Stewart v. O'Neill*, plaintiffs sought contempt against ATF for failure to comply with the terms of this agreement. 225 F. Supp. 2d at 7. There, the Court stated, "the implementation of some terms of the settlement agreement—in particular, the Promotion Assessment System and the data collection and analysis—is far behind the schedule envisioned by the agreement." *Id.* at 16. Moore suggests this must mean the Court retains jurisdiction over the agreement. However, he fails to take into account, as mentioned above, that the settlement agreement provided for continuing jurisdiction over three specific sections of the agreement and that these were the sections the Court referred to. The section Moore claims that ATF has violated here is not among those sections.

### C. Dismissal of the Suit for Failure to State a Claim Would Be Appropriate

Even if the Court were to find that it had jurisdiction over this matter, it would still dismiss the case for failure to state a claim. Because the settlement agreement expired in July 2001 and had no force or effect after that date, plaintiff cannot seek to enforce it with respect to his 2002 termination. ATF did not violate the agreement when it terminated plaintiff at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that, although the Tucker Act does not deprive it of subject-matter jurisdiction over this case, the Court nevertheless lacks jurisdiction given the expiration of the settlement agreement. Even if the Court were to hold that it has jurisdiction, it would nevertheless dismiss for failure to state a claim under 12(b)(6).

An order consistent with this Memorandum Opinion issues this date.

Signed by Royce C. Lamberth, Chief Judge, on March 27, 2013.